UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| CHATEAU ARGONNE CONDOMINIUM ASSOCIATION | * | CIVIL ACTION |
| VERSUS | * | NUMBER 06-7626 |
| STATE FARM INSURANCE COMPANY ET AL. | * | SECTION "L" (3) |

ORDER & REASONS

Before the Court are the Defendant's Motion for Partial Summary Judgment (Rec. Doc. 25) and the Defendant's Motion in *Limine* to Exclude Plaintiff's Introduction of Evidence Regarding or Reference to Other Katrina Insurance Claims (Rec. Doc. 26).  The Court heard oral argument on the motions and took them under submission.  For the following reasons, the Motion for Partial Summary Judgment IS GRANTED IN PART AND DENIED IN PART, and the Motion in *Limine* IS GRANTED.

**I.     BACKGROUND**

This case arises out of an insurance dispute over hurricane damages to the Plaintiff's condominium property.  Located on Argonne Boulevard in New Orleans, the property at issue consists of a total of four condominiums in two buildings.  The Plaintiff purchased both a condominium association policy and a flood policy from State Farm to cover all four of the condominiums.  The condominium association policy covered both buildings with structure limits of $324,048; the flood policy had structure limits of $229,800 on each building.

On August 29, 2005, Hurricane Katrina struck New Orleans. As a result of the hurricane, all four of the Plaintiff's condominiums suffered damage. On September 2, 2005, the Plaintiff submitted an insurance claim to State Farm. On October 15, 2005, State Farm sent an adjuster to inspect the property. The adjuster noted flood damage on the first floor of each condominium and considerable wind damage to the structures and perimeter fencing. The adjuster met with each of the unit owners and discussed the damages before calculating the estimate. Initially, State Farm paid $16,564.80 for wind damage to the first building and $13,886.69 for wind damage to the second building. For flood damage, State Farm paid $143,683.57 for the first building and $143,954.22 for the second building. On March 23, 2006, the Plaintiff entered into a contract with Prime Real of Marrero to repair damage to the condominiums for $283,900.00. The Plaintiff contends that, because of unexpected costs and a need to make the property habitable as soon as possible, the parties orally modified the contract several times. As a result, the Plaintiff asserts that repairing all damage to the property will require well in excess of the original estimate of $283,900.

On August 28, 2006, the Plaintiff filed suit in state court, asserting that the proposed valuation did not accurately represent the actual damages to the property. In the complaint, the Plaintiff seeks damages for breach of contract as well as statutory bad faith penalties. In October 2006, State Farm removed the action to this Court. In December 2006, the Plaintiff received an updated repair estimate from Loss Solutions, LLC, which showed the total cost of repairs for the Chateau Argonne property to be approximately $731,355. The Plaintiff contends that it contacted State Farm several times regarding the updated estimate. On May 11, 2007, State Farm sent its adjuster back to the Chateau Argonne property to inspect for additional wind damage. After the renewed inspections, State Farm paid the Plaintiff an additional $18,478.81.

State Farm refused to pay the additional damages as set forth in the estimate by Loss Solutions, arguing that the terms of the insurance policy limited State Farm's liability to "the amount [the insured] actually [spends] that is necessary to repair or replace the damaged property."  *See* Def.'s Mot. Sum. J., Exh. A.  Chateau contends that the repairs are ongoing and that the initial repairs did not completely resolve the damage to the property.  To date, State Farm has paid the Plaintiff $336,568.09 for Katrina-related damage under both its condominium association policies and its flood policies.

## II. PRESENT MOTIONS:

### A.     Motion for Partial Summary Judgment

On June 4, 2008, State Farm moved for partial summary judgment on two grounds: first, State Farm argues that, under the terms of the policy, it should not be liable for any amount greater than that which Chateau Argonne has already spent on repairs; second, State Farm argues that it should not be subject to statutory penalties for bad faith under Louisiana law.

First, State Farm argues that Chateau has already completed all necessary repairs to the property.  State Farm asserts that it has already satisfied the terms of its policy by compensating Plaintiff more than the cost of the repairs to the property to date.  In response, the Plaintiff argues that the repairs State Farm paid for were merely initial repairs that did not resolve all of the damage to the property.  The Plaintiff contends that the contract between Chateau Argonne and Prime Real of Marrero was orally modified several times so that the property could be habitable as soon as possible.  The Plaintiff further contends that the total cost of repairing the property would exceed the amount that State Farm provided.  In support of its argument, the Plaintiff offers an estimate from Loss Solutions, which puts the total cost of repairs at approximately

$731,355.

Second, State Farm argues that it is entitled to judgment as a matter of law as to the issue of statutory bad faith penalties. State Farm argues that the amendments to Louisiana Revised Statutes §§ 22:658 cannot be applied retroactively to subject it to increased statutory penalties or attorneys' fees. State Farm also argues that, even if the amendments could be applied to its conduct, however, State Farm did not act arbitrarily, capriciously, or without probable cause in refusing to pay more than $336,568.09 for repairs to the Chateau Argonne property. State Farm asserts that it had a good-faith basis for limiting payments to the initial cost of repairs. The Plaintiff counters that State Farm did not have a good-faith basis for declining to issue the additional payments and should be subject to statutory penalties for failing to communicate with the Plaintiff regarding the status of the claims or paying for additional repairs.

**B.      Motion in *Limine* to Exclude Reference to Other Katrina Insurance Claims**

On the same day it filed for partial summary judgment, State Farm also moved in *limine* to exclude introduction of evidence regarding other Katrina insurance claims. State Farm asks the Court to hold that evidence of other insurance claims is inadmissible to show that State Farm's valuation of the Chateau Argonne property was unfairly low. In support of its argument, State Farm asserts that each unique valuation depends on facts and circumstances specific to the individual case, including: age, quality, design, construction of the property, condition of the property before the storm, and the particular weather and storm surge conditions prevailing at the location of the property.

In response, the Plaintiff contends that State Farm paid considerably more to resolve the claims of a nearly identical property located only three blocks away from the Chateau Argonne property. According to the Plaintiff, the other property, the Chateau Orleans, is basically

-4-

identical to the Chateau Argonne except that it is twice as large–the Chateau Orleans consists of eight condominium units in four buildings as opposed to the Chateau Argonne, which consists of four condominium units in two buildings.  The Plaintiff argues that the Chateau Orleans and the Chateau Argonne are substantially identical in size, design, construction, and configuration, to such an extent that it is difficult to distinguish one development from the other.  The Plaintiff argues that, as a result of the similarities between the properties, State Farm's valuation of the Chateau Orleans' claims is probative of the damage suffered by the Chateau Argonne.[1]

### III. LAW & ANALYSIS

#### A. Motion for Partial Summary Judgment

Summary judgment is appropriate in a case if "there is no genuine issues as to any material fact."  Fed. R. Civ. P. 56(c).  "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact."  *McCall v. Focus Worldwide Television Network, Inc.*, 2008 WL 3366080, *3 (E.D. La. Aug. 8, 2008).  In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion."  *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).  But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted."  *Phillips Oil Co. v. OKC Corp.*, 812

---

[1] On June 11, 2008, the Court held a status conference to address discovery disputes related to the Defendant's motion in *limine*.  At the status conference, the Court ordered State Farm to produce the documents relating to the Chateau Orleans claims.  In ordering that the documents be produced for discovery purposes, however, the Court expressly reserved ruling on their admissibility at trial.

F.2d 265, 272 (5th Cir. 1987). State Farm requests partial summary judgment on two grounds: first, with respect to the breach of contract claim, State Farm argues that it should not be liable for the cost of repairs above those for which it has already paid; second, State Farm argues that it should not be subject to statutory penalties for bad faith. The Court will address each of these arguments in turn.

### i. Breach of Contract

First, State Farm seeks summary judgment limiting its liability under the policy to the amount it has already paid for repairs to the Chateau Argonne property. The terms of the insurance policy provide that State Farm shall not be liable for any costs in excess of "the amount [the insured] actually [spends] that is necessary to repair or replace the damaged property." *See* Def.'s Mot. Sum. J., Exh. A. In response, the Plaintiff argues that the initial repairs did not completely repair all of the damage to the property.

In *Villa D'Orleans Condominium Association, Inc. v. Pacific Insurance Co., Ltd.*, the defendant insurer moved for summary judgment on the plaintiff's breach of contract claim, arguing that it had already satisfied the terms of the policy by paying "the amount [the insured] actually [spent] that is necessary to repair or replace the damaged property." 2008 WL 2185221, *2 (E.D. La. May 22, 2008). The plaintiff, a condominium association, countered that it had been unable to complete all necessary repairs to the property because the defendant had paid for only a fraction of the total repairs. *Id.* In denying summary judgment, the court explained that, "since the repair work is not yet complete, the amount 'actually spent,' or, more properly, that must be spent to repair the damaged property, remains a genuine issue of material fact sufficient to preclude summary judgment." *Id.*

The Court finds the reasoning in V*illa D'Orleans* persuasive and directly applicable to

-6-

the instant case. Because it is possible that State Farm may have paid for only a portion of the necessary repairs, there are genuine issues of fact remaining as to the total cost of repairs and whether State Farm may be liable for additional expenses. As a result, summary judgment is inappropriate at this time as to the breach of contract claims.

### ii. Statutory Penalties for Bad Faith

Second, State Farm seeks summary judgment on the Plaintiff's claims for statutory bad faith penalties. Louisiana law provides that statutory penalties may be assessed against insurers in certain situations for failure to timely resolve claims or pay settlement awards. For example, Louisiana Revised Statute § 22:658 provides that failure to timely pay or attempt to settle a claim in certain circumstances shall subject the insurer to a penalty "when such failure is found to be arbitrary, capricious, or without probable cause." LA. REV. STAT. ANN. § 22:658(B)(1). Similarly, Louisiana Revised Statute § 22:1220 sets forth that an insurer that breaches its "duty of good faith and fair dealing" to the insured shall be subject to statutory penalties. LA. REV. STAT. ANN. § 22:1220.

Under Louisiana law, however, the determination of whether an insurer acted arbitrarily, capriciously, or without probable cause necessarily depends on the facts of each individual case. *See Roberie v. S. Farm Bureau Cas. Ins. Co.*, 194 So. 2d 713, 716 (La. 1967) ("A determination as to what constitutes bad faith or lack of good faith depends on the facts and circumstances of each case."); *see also Combetta v. Ordoyne*, 04-2347, pp. 8-11 (La. App. 1 Cir. 5/5/06); 934 So. 2d 836, 842-43 ("In order to determine whether or not an insurer acted reasonably and in good faith in negotiating and settling a claim, one must look to the facts of the individual case."). Moreover, in bad faith actions against an insurer, the insured bears a considerable burden because "the insured is seeking extra-contractual damages, as well as punitive damages." *See*

*Lewis v. State Farm Ins. Co.*, 41-527, p. 25 (La. App. 2 Cir. 12/27/06); 946 So. 2d 708, 725.  The insured must prove that the "insurer knowingly committed actions which were completely unjustified, without reasonable or probable cause or excuse."  *See Holt v. Aetna Cas. & Sur. Co.*, 28450-CA, p. 18 (La. App. 2 Cir. 9/3/96); 680 So. 2d 117, 130.

Turning to the instant case, the Court finds that State Farm did not act arbitrarily, capriciously, or without probable cause in resolving Chateau Argonne's insurance claims.  To date, State Farm has paid the Plaintiff $336,568.09, which is more than enough to cover the Plaintiff's initial estimate for repairs provided by Prime Real of Marrero.  After the Plaintiff submitted an updated estimate and requested a reinspection, State Farm sent an adjuster to the property and reevaluated the extent of damage to the Chateau Argonne condominiums.  After the reevaluation, State Farm paid the Plaintiff an additional $18,478.81.  The Plaintiff argues that, because of rising costs and time constraints, it orally modified its contract with Prime Real of Marrero several times and more money is necessary to complete repairs.  Nevertheless, State Farm had a good-faith basis for declining to pay the $731,355 requested by the Plaintiff, particularly given that the modifications to the Plaintiff's initial contract with Prime Real of Marrero were oral modifications made without State Farm's knowledge.  Although it may well be true that $336,568.09 is not sufficient to complete all necessary repairs to the property, the fact that the parties dispute the total cost of repairs does not warrant the imposition of statutory penalties for bad faith.  As a result, the Court finds that State Farm is entitled to judgment as a matter of law as to the claims for statutory bad faith penalties.[2]

---

[2] Because the Court finds that State Farm's conduct was not "arbitrary, capricious, or without probable case," the Court need not address whether the amendments to § 22:658, which increase the penalties for such conduct, would apply to the Plaintiff's claims.

### B.     The Defendant's Motion in *Limine* to Exclude Evidence of Other Claims

Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible." FED.R.EVID. 402.  In addition, Rule 403 provides that even relevant evidence is inadmissible if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED.R.EVID. 403.

The Plaintiff relies on *Weiss v. Allstate Insurance Co.*, 512 F. Supp. 2d 463, 472 (E.D. La. 2007) for the proposition that evidence of a similar insurance claim should be admissible in this case.  In *Weiss*, the parties disagreed as to the cause of damage to the plaintiff's property.  The plaintiff sought to introduce evidence that a nearby, almost identical property had suffered wind damage in order to show that the plaintiff's property had probably also been damaged by wind.  *Id.*  In response, the defendant moved to exclude "evidence relating to, as well as any reference to, documents or testimony regarding other properties' damages or insurance claims arising from Hurricane Katrina." *Id.* at 468.

The court in *Weiss* held that evidence of another insurance claim was admissible to show causation. *Id.*  Examining the evidence in light of Rule 403, the court explained that

> a blanket exclusion of any evidence relating to other properties is inappropriate ... because what happened at another property may, given appropriate similarity between the properties, make the existence of a fact as to what happened to plaintiffs' property more probable.  Thus, [courts] must make a determination as to the admissibility of the evidence relating to each property that plaintiffs seek to introduce.

*Id.* at 468.  After carefully examining the similarities between the two properties, the court found that evidence referencing the other property was "a relevant inquiry, as it could show that wind was more likely than not the cause of plaintiffs' damage." *Id.* at 469.  As a result, the court held

that the plaintiff could introduce evidence of the similar claim in order to establish causation. *Id.* at 470.

As an initial matter, the Court finds that the instant case is distinguishable from the precedent relied upon by the Plaintiff. In *Weiss*, the plaintiff had sought to introduce evidence of a similar claim to show *causation*; here, the Plaintiff seeks to introduce evidence of a similar claim to show *damages*. Although not dispositive, the difference is significant. If a single catastrophic event such as Hurricane Katrina caused wind damage to one building, a reasonable fact finder could infer that the same event also may have caused wind damage to a nearby, almost identical building. There is less justification, however, for assuming that the extent of damage to the two buildings would be similar or even roughly proportional.

Although in rare cases two properties may be so similar that a reasonable fact finder could infer that the properties suffered damage to a similar extent, the two properties at issue in this case differ in significant respects. The Chateau Orleans is located several blocks away from the Chateau Argonne. The properties were built at different times and have been repaired in different ways over the years. Although the floor plans of each individual building are similar, the Chateau Orleans is twice as large as the Chateau Argonne. These facts alone make it unlikely that evidence of damages to the Chateau Orleans would be probative of damages to the Chateau Argonne. Allowing the Plaintiff to introduce evidence of the Chateau Orleans claim could also lead to a series of mini-trials, forcing State Farm to defend not only its valuation of the Chateau Argonne claim, but also its valuation of the Chateau Orleans claim. As a result, the Court finds that evidence of the Chateau Orleans claim is inadmissible to show the extent of damages to the Chateau Argonne.

**IV.     CONCLUSION**

For the reasons stated above, IT IS ORDERED that the Defendant's Motion for Partial Summary Judgment IS GRANTED IN PART AND DENIED IN PART and the Defendant's Motion in *Limine* to Exclude Evidence of Other Katrina Insurance Claims is GRANTED.

New Orleans, Louisiana, this 18th day of September, 2008.

_____
U.S. DISTRICT JUDGE